## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

ROBERT L. MACKEY,

                                    :

         Petitioner,                        Case No. 3:12-cv-073

                                 :     District Judge Thomas M. Rose

     -vs-                            Magistrate Judge Michael R. Merz

MICHAEL SHEETS, Warden,

                                    :

         Respondent.

---

## REPORT AND RECOMMENDATIONS

---

This is an action pursuant to 28 U.S.C. §2254 for a writ of habeas corpus; Petitioner seeks release from confinement imposed as part of the judgment of a State court in a criminal action. The case has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b) and the Dayton General Order of Assignment and Reference. It is before the Court for initial review under Rule 4 of the Rules Governing § 2254 Cases.

In the Petition, Mackey purports to challenge the February 8, 2011, judgment of the Clark County Common Pleas court sentencing him to twenty-eight years confinement on his 1998 conviction for three drug offenses, having a weapon while under disability, and possession of criminal tools. He pleads the following grounds for relief:

> **Ground One:** Petitioner was denied the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution due to the fact that his appointed counsel failed to file a merit brief or otherwise prosecute Petitioner's direct criminal appeal of right, resulting in its dismissal by the state court of appeals.

**Ground Two:** Petitioner was denied his first criminal appeal of right and right to counsel on direct criminal appeal as guaranteed by the 6th Amendment and Due Process Clause of the 14th Amendment to the United States Constitution where the state court of appeals dismissed his appeal after appointed counsel failed to prosecute it.

**Ground Three:** Petitioner was denied a first direct criminal appeal of right along with the right to counsel, due process and equal protection as guaranteed by the 6th and 14th Amendments to the United States Constitution as a result of the state court of appeals denying his motion to reopen his direct appeal under Ohio App. R. 26(B), and/or to reinstate it under the court's inherent authority.

**Ground Four:** Petitioner was denied his right to due process when the state elicited evidence of details of his prior criminal conviction for possession of crack cocaine during his criminal trial in violation of the Fourteenth Amendment to the United States Constitution.

**Ground Five:** Petitioner was denied his right to due process as guaranteed by the Fourteenth Amendment to the United States Constitution by the admission during his trial of "other bad act" evidence including marijuana possession and prior cocaine trafficking activities, which the prosecution specifically used to prove that Petitioner acted in conformity therewith with respect to the charges in the indictment.

**Ground Six:** Petitioner was denied his Sixth Amendment right to confront witnesses by the introduction of testimonial hearsay evidence during his trial, where he had no prior opportunity to cross examine the declarants about the content of their testimonial hearsay statements.

**Ground Seven:** Petitioner's trial counsel proved ineffective in violation of Petitioner's right to the effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution.

**Ground Eight:** The State failed to prove beyond a reasonable doubt at trial that the Petitioner was guilty of trafficking in excess of five grams of crack cocaine under R.C. 2925.03 as charged in the indictment, which deprived the Petitioner of due process as guaranteed under the Fourteenth Amendment of the United States Constitution.

**Ground Nine:** The State failed to prove beyond a reasonable doubt that Petitioner was guilty of possession of over 100 grams of crack cocaine under R.C. 2925.11, or that he was guilty of possession of powder cocaine under R.C. 2925.11, possession of a weapon under disability under R.C. 2923.13, or possession of criminal tools under R.C. 2923.24, which deprived the Petitioner of due process as guaranteed by the Fourteenth Amendment of the United States Constitution.

**Ground Ten:** Petitioner's Fifth Amendment right not to incriminate himself was violated where the court denied his motion to suppress inculpatory statements and the state introduced evidence over objection that Petitioner had asserted his Fifth Amendment right to refuse to answer questions related to a specific subject matter during a police interrogation.

**Ground Eleven:** Petitioner was denied his right to due process and to a fair trial as guaranteed by the Fourteenth Amendment to the United States Constitution as a result of prosecutorial misconduct during closing argument.

**Ground Twelve:** The court's imposition of maximum sentences on all five counts, along with consecutive sentences on the most serious counts, i.e. counts 1 and 2, resulting in a 28-year sentence, constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

(Petition, Doc. No. 1, PageID 6-16.)

The standard form for habeas corpus petitions under 28 U.S.C. § 2254 asks the petitioner "[h]ave you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?" Mackey, who is represented by counsel in this action, answered:

Yes and No. Petitioner filed a petition pursuant to 28 U.S.C. 2254 attacking the judgment of conviction and sentence which was entered on or about 9/28/98. See, S.D. of Ohio Case No. 3:09cv255. That petition was ultimately dismissed on statute of limitations grounds. An appeal of that dismissal is pending in the Sixth Circuit. Mr. Mackey was resentenced de novo on 2/4/11 in the Clark County Court of Common Pleas to a different sentence. He has not

> previously filed a petition attacking the judgment of conviction and sentence which was entered on 2/8/11. According to *Magwood v. Patterson,* 561 U.S. _,130 S.Ct. 2788, 177 L.Ed. 2d 592 (2010), the present petition does not constitute a successive petition under 28 U.S.C. 2244(b).

(Petition, Doc. No. 1, PageID 18.)

In the prior case, *Mackey v. Brunsman,* 3:09-cv-255, Mackey attacked the same September 1998 conviction he attacks here and the twenty-eight year sentence imposed on that conviction (Petition, Case No. 3:09-cv-255, Doc. No. 1, ¶ 2). He pled the following grounds for relief:

> **Ground I:** Petitioner was denied the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution due to the fact that his appointed counsel failed to file a merit brief or otherwise prosecute Petitioner's direct criminal appeal of right, resulting in its dismissal by the state court of appeals.

> **Ground II:** Petitioner was denied his first criminal appeal of right and right to counsel on direct appeal as guaranteed by the 6th Amendment and Due Process Clause of the 14th Fourteenth Amendment to the United States Constitution because the state court of appeals dismissed his appeal after appointed counsel failed to prosecute it.

> **Ground III:** Petitioner was denied a first direct criminal appeal of right, along with the right to counsel, due process and equal protection as guaranteed by the 6th and 14th Amendments to the United States Constitution as a result of the state court of appeals denying his motion to reopen his direct appeal under Ohio App. R. 26(B), and/or to reinstate it under the court's inherent authority.

> **Ground IV:** Petitioner was denied his right to counsel, right to due process, and right to equal protection in violation of Sixth and Fourteenth Amendments to United States Constitution when he was not notified by the state court of the procedure and requisite time limits involved in filing a motion to reopen his direct appeal of right, nor was he assigned counsel to assist him in navigating the complicated steps mandated under Ohio law in order to attempt to reopen his first appeal of right and/or to have his appeal reinstated.

> **Ground V**: Ohio App. Rule 26(B) is unconstitutional on its face and

-4-

as applied because it discriminates on the basis of education, intelligence, literacy, poverty, understanding of the law, and one's ability to obtain assistance from third parties and/or attorneys willing to work pro bono, as these things determine whether or not a defendant can enforce his right to counsel and right to a direct criminal appeal, in violation of First Amendment right to petition for redress of grievances, the Sixth Amendment right to counsel, the Fourteenth Amendment right to due process, and the right to equal protection under the laws in violation of the Fourteenth Amendment to the United States Constitution.

**Ground VI.** Petitioner was denied his right to due process when the state elicited evidence of details of his prior criminal conviction for possession of crack cocaine during his criminal trial, in violation of the Fourteenth Amendment to the United States Constitution.

**Ground VII.** Petitioner was denied his right to due process as guaranteed by the Fourteenth Amendment to the United States Constitution by the admission during his trial of "other bad act" evidence, including marijuana possession and prior cocaine trafficking activities which the prosecution specifically used to prove that Petitioner acted in conformity therewith with respect to the charges in the indictment.

**Ground VIII.** Petitioner was denied his Sixth Amendment right to confront witnesses by the introduction of testimonial hearsay evidence during his trial, where he had no prior opportunity to cross examine the declarants about the content of their testimonial hearsay statements.

**Ground IX.** Petitioner's trial counsel proved ineffective in violation of Petitioner's right to the effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution.

**Ground X**. The State failed to prove beyond a reasonable doubt at trial that the Petitioner was guilty of trafficking in excess of five grams of crack cocaine under R.C. 2925.03 as charged in the indictment, which deprived the Petitioner of due process as guaranteed under the Fourteenth Amendment of the United States Constitution.

**Ground XI.** The State failed to prove beyond a reasonable doubt that Petitioner was guilty of possession of over 100 grams of crack

-5-

cocaine under R.C. 2925.11, or that he was guilty of possession of powder cocaine under R.C. 2925.11, possession of a weapon under disability under R.C. 2923.13, or possession of criminal tools under R.C. 2923.24, which deprived the Petitioner of due process as guaranteed by the Fourteenth Amendment of the United States Constitution.

**Ground XII.** Petitioners' Fifth Amendment right not to incriminate himself was violated where the court denied his motion to suppress inculpatory statements and the state introduced evidence over objection that Petitioner had asserted his Fifth Amendment right to refuse to answer questions related to a specific subject matter during a police interrogation.

**Ground XIII**. Petitioner was denied his right to due process and to a fair trial as guaranteed by the Fourteenth Amendment to the United States Constitution as a result of prosecutorial misconduct during closing argument.

**Ground XIV**. The court's imposition of maximum sentences on all five counts, along with consecutive sentences on the most serious counts, i.e. counts 1 and 2, resulting in a 28-year sentence, denied Petitioner his right to equal protection under the law in violation of the Fourteenth Amendment to the United States Constitution.

**Ground XV.** The imposition of the major drug offender penalty enhancements under R.C. 2929.l4(D)(3)(b), along with the maximum sentences imposed under R.C. 2929.l4(C), violated Petitioner's Sixth Amendment right to a jury trial because they were the result of mandatory judicial fact-finding not proven to a jury beyond a reasonable doubt or admitted by the defendant.

(Petition, Case No. 3: 09-cv-255, Doc. No. 1, PageID 5-18.)  As can readily be seen by comparison, Mackey has re-pled in this case Grounds I, II, III, VI, VII, VIII, IX, X, XI, XII, XIII, and XIV pled in the prior case.[1]  Neither case challenges the terms of his post-release control under Ohio law.

Mackey filed his prior Petition on July 7, 2009.  *Id.*  Magistrate Judge Ovington

---

[1]Mackey's numbering in Case No. 3:09-cv-255 mixes Roman numerals and words.  In this document, all the word numbering has been converted to Roman numerals for ease of comparison.

recommended that the prior Petition be dismissed as barred by the statute of limitations (Report and Recommendations in Case No. 3:09-cv-255, Doc. No. 13). While the Report and Recommendations were pending on objections, Mackey's position in the state courts changed and he was scheduled for resentencing. Based on that fact, he asked this Court to stay proceedings pending exhaustion (Motion, Doc. No. 21 in Case No. 3:09-cv-255). Adopting the Report and Recommendations, District Judge Rice concluded there were no state remedies available to Mackey for any of the fifteen claims he pled in that case and therefore denied the requested stay (Decision and Entry, Doc. No. 25 in Case No. 3:09-cv-255, PageID 441-444). Judge Rice also dismissed the Petition in Case No. 3:09-cv-255 as barred by the statute of limitations and granted a certificate of appealability on that question as well as the substance of Ground I. *Id.* at PageID 454. At the time of that decision, there was no record before this Court of any state court decision on Mackey's request for re-sentencing. *Id.* at PageID 451.[2]

After Judge Rice's decision, Mackey filed a motion to alter the judgment under Fed. R. Civ. P. 59. He reported to this Court that, in addition to advising him of the terms of his post-release control, the new judgment in Clark County ran his twenty-eight year sentence concurrently with a ten-year sentence in a prior case as opposed to consecutively, as had originally been ordered (Motion, Doc. No. 27 in Case No. 3:09-cv-255, PageID 459). Mackey argued the Court should change its decision on the statute of limitations because that one-year statute had not begun to run until the amended judgment was entered on February 8, 2011. *Id.*

Judge Rice rejected that argument. He noted that, under Ohio law, the only issue properly

---

[2]Judge Rice's decision was entered February 11, 2011. His Petition here alleges he was re-sentenced on February 8, 2011 (Petition, Doc. No. 1, ¶ 2(b)). However, no record of the new sentence had been filed in the intervening three days.

before the Clark County Common Pleas Court was proper imposition of postrelease control and that the trial court's reduction of sentence was therefore beyond that court's jurisdiction. (Decision and Entry, Doc. No. 33 in Case No. 3:09-cv-255, PageID 528-530, relying on *State v. Fischer*, 128 Ohio St. 3d 192 (2010)). Because the new sentence did not affect the finality of the 1998 judgment for habeas corpus purposes[3], the Petition was dismissed as time-barred. *Id.* Judge Rice later granted Mackey a certificate of appealability on the issues raised by his Fed. R. Civ. P. 59(e) motion (Entry, Doc. No. 37 in Case No. 3:09-cv-255) and that question remains pending before the Sixth Circuit in its Case No. 11-3267.

On its face the new Petition filed in this case would appear to be barred as a second or successive petition because it attacks the same underlying conviction as the Case No. 3:09-cv-255 Petition and Mackey has not obtained permission to file a second or successive petition from the Sixth Circuit as required by 28 U.S.C. § 2244(b). Mackey asserts this is not a second or successive petition because it is the first petition he has filed after the 2011 resentencing, relying on *Magwood v. Patterson,* 561 U.S. ___, 130 S. Ct. 2788 (2010). That presents a difficult question because the circumstances here are materially different from those in *Magwood*, e.g., Mackey has never won a conditional writ of habeas corpus as had Magwood. Moreover, the Ohio Supreme Court in *Fischer, supra*, appears to have recognized a separable portion of Ohio criminal judgments – the portion dealing with post-release control – and Mackey does not plead any constitutional claims relating to that portion of the judgment on which he is confined. Mackey is also not prejudiced by the portion of the new judgment which Judge Rice found was beyond the Ohio trial court's jurisdiction –

---

[3] In the Case No. 3:09-cv-255 case, Mackey did not challenge the terms of his post-release control either as originally imposed or as reimposed in 2011.

running two sentences concurrently rather tahn consecutively – and he raises no constitutional claims about that portion of the new judgment.

This Court is not required, however, to deal with the difficult "second or successive petition" question, even to the extent of transferring the case to the Sixth Circuit under *In re Sims,* 111 F.3d 45 (6th Cir. 1997). That is because this Petition, like the one in Case No. 3:09-cv-255, is time-barred and on precisely the same basis, except that it has been filed almost two years later than that Petition.

While the Respondent has not yet been called upon to plead in this case, it is proper to raise the statute of limitations bar *sua sponte*. A district court may dismiss a habeas petition *sua sponte* on limitations grounds when conducting an initial review under Rule 4 of the Rules Governing §2254 Cases, *Day v. McDonough*, 547 U.S. 198 (2006)(upholding *sua sponte* raising of defense even after answer which did not raise it); *Scott v. Collins*, 286 F.3d 923 (6th Cir. 2002).

No extensive reconsideration of the defense is necessary. Strict *res judicata* is not applicable in habeas proceedings. *See Sanders v. United States*, 373 U.S. 1, 7-8 (1963). Nor is one district judge bound as a matter of *stare decisis* to follow the decisions of another judge of the same court. *Threadgill v. Armstrong World Industries, Inc.,* 928 F.2d 1366, 1371 (3rd Cir. 1991). Nevertheless, Judge Ovington's consideration of the limitations question in Case No. 3:09-cv-255, including the equitable tolling claims made there, is thorough, correct, and persuasive. This Court should dismiss the Petition with prejudice as time-barred on the basis of the prior decision.

Reasonable jurists would not disagree with this conclusion. Denial of a certificate of appealability is particularly appropriate here when exactly the same question would be presented on appeal as is already before the Court of Appeals in the appeal from the decision in Case No. 3:09-cv-255. For the same reason, the Court should certify that any appeal is not taken in objective good

faith and therefore should not be permitted to proceed *in forma pauperis*.

March 12, 2012.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).