# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ROBERT L. MACKEY,

    Petitioner,

:

Case No. 3:12-cv-073

-vs-

:

District Judge Thomas M. Rose
Magistrate Judge Michael R. Merz

MICHAEL SHEETS, Warden,

    Respondent.

:

## REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought by Petitioner Robert Mackey to obtain relief from his drug, weapons, and criminal tools convictions in the Clark County Common Pleas Court (Petition, Doc. No. 2, 20 5, PageID 2).

Proceeding with the assistance of counsel, Mackey pleads the following Grounds for Relief:

> **Ground One:** Petitioner was denied the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution due to the fact that his appointed counsel failed to file a merit brief or otherwise prosecute Petitioner's direct criminal appeal of right, resulting in its dismissal by the state court of appeals.
>
> **Ground Two:** Petitioner was denied his first criminal appeal of right and right to counsel on direct criminal appeal as guaranteed by the 6th Amendment and Due Process Clause of the 14th Amendment to the United States Constitution where the state court of appeals dismissed his appeal after appointed counsel failed to prosecute it.

1

**Ground Three:** Petitioner was denied a first direct criminal appeal of right along with the right to counsel, due process and equal protection as guaranteed by the 6th and 14th Amendments to the United States Constitution as a result of the state court of appeals denying his motion to reopen his direct appeal under Ohio App. R. 26(B), and/or to reinstate it under the court's inherent authority.

**Ground Four:** Petitioner was denied his right to due process when the state elicited evidence of details of his prior criminal conviction for possession of crack cocaine during his criminal trial in violation of the Fourteenth Amendment to the United States Constitution.

**Ground Five:** Petitioner was denied his right to due process as guaranteed by the Fourteenth Amendment to the United States Constitution by the admission during his trial of "other bad act" evidence including marijuana possession and prior cocaine trafficking activities, which the prosecution specifically used to prove that Petitioner acted in conformity therewith with respect to the charges in the indictment.

**Ground Six:** Petitioner was denied his Sixth Amendment right to confront witnesses by the introduction of testimonial hearsay evidence during his trial, where he had no prior opportunity to cross examine the declarants about the content of their testimonial hearsay statements.

**Ground Seven:** Petitioner's trial counsel proved ineffective in violation of Petitioner's right to the effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution.

**Ground Eight:** The State failed to prove beyond a reasonable doubt at trial that the Petitioner was guilty of trafficking in excess of five grams of crack cocaine under R.C. 2925.03 as charged in the indictment, which deprived the Petitioner of due process as guaranteed under the Fourteenth Amendment of the United States Constitution.

**Ground Nine:** The State failed to prove beyond a reasonable doubt that Petitioner was guilty of possession of over 100 grams of crack cocaine under R.C. 2925.11, or that he was guilty of possession of powder cocaine under R.C. 2925.11, possession of a weapon under disability under R.C. 2923.13, or possession of criminal tools under R.C. 2923.24, which deprived the Petitioner of due process as

guaranteed by the Fourteenth Amendment of the United States Constitution.

**Ground Ten:** Petitioner's Fifth Amendment right not to incriminate himself was violated where the court denied his motion to suppress inculpatory statements and the state introduced evidence over objection that Petitioner had asserted his Fifth Amendment right to refuse to answer questions related to a specific subject matter during a police interrogation.

**Ground Eleven:** Petitioner was denied his right to due process and to a fair trial as guaranteed by the Fourteenth Amendment to the United States Constitution as a result of prosecutorial misconduct during closing argument.

**Ground Twelve:** The court's imposition of maximum sentences on all five counts, along with consecutive sentences on the most serious counts, i.e. counts 1 and 2, resulting in a 28-year sentence, constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

(Petition, Doc. No. 2, PageID 6-16.)

**Procedural History**

On May 8, 1997, Mackey was indicted by the Clark County Grand Jury on five counts: (1) possession of crack cocaine in an amount in excess of 100 grams with a major drug offender specification, (2) trafficking in crack cocaine in an amount in excess of five grams, (3) possession of cocaine, (4) having a weapon while under a disability, and (5) possession of criminal tools (Indictment, Exhibit 3 to Doc. No. 7, PageID 139-141.) Found guilty by a jury, he was sentenced in September 1998 to twenty-eight years in prison, consecutive to the ten-year term he was then serving in another case (Judgment Entry, Ex. 8 to Doc. No. 7, PageID 161-164). Although he appealed, his appeal was dismissed for failure to prosecute in that no brief was filed by his

appointed counsel. (Entry, Ex. 10 to Doc. No. 7, PageID 167-168.) He took no further appeal to the Ohio Supreme Court.

On September 12, 2007, Mackey filed a delayed application to reopen his appeal under Ohio R. App. P. 26(B)(Motion, Ex. 11 to Doc. No. 7, PageID 169-180.) The Court of Appeals denied reopening on the grounds the application was untimely (Entry, Ex. 13 to Doc. No. 7, PageID 188-192). On October 15, 2008, the Ohio Supreme Court declined to exercise jurisdiction over a further appeal (Entry, Ex. 17 to Doc. No. 7, PageID 225).

On July 7, 2009, Mackey filed his first Petition for Writ of Habeas Corpus in this Court, raising the fifteen Grounds for Relief (Petition, Case No. 3: 09-cv-255, Doc. No. 1, PageID 5-18). On recommendation of Magistrate Judge Sharon L. Ovington, this first Petition was dismissed with prejudice on February 11, 2011, by District Judge Walter Rice. Mackey has appealed to the Sixth Circuit which has ordered briefing on the following issues:

> 1) whether Mackey stated a valid claim that he was denied the effective assistance of appellate counsel, as a result of counsel's abandonment of his direct appeal;
>
> 2) whether the claims in Mackey's § 2254 petition are barred by the statute of limitations; and
>
> 3) whether the district court was correct in its procedural ruling that Mackey's resentencing did not trigger a new one-year statute of limitations.

*Mackey v. Warden*, Case No. 11-3267 (6th Cir. Feb. 7, 2012)(Copy at PageID 553-555). The appeal remains pending.

On October 14, 2010, while his first Petition was pending in this Court, Mackey filed in the Common Pleas Court, a "Motion to Vacate Judgment of Conviction and Sentence; Motion for

4

Resentencing and Entry of Final Appealable Order" (Ex. 18 to Doc. No. 7, PageID 226-244). The State expressly concurred in the Motion (Ex. 19 to Doc. No. 7, PageID 245-248.) On February 8, 2011, Judge O'Neill of that court reimposed a twenty-eight year sentence, but made it run concurrently with the sentence in the other case, whereas before it had been a consecutive sentence (Judgment Entry of Conviction, Ex. 23 to Doc. No. 7, PageID 275-277). Mackey took no appeal, but sought an amendment of the judgment in Case No. 3:09-cv-255 on the grounds the statute of limitations had begun to run again upon entry of the new judgment. Judge Rice rejected that position and that claim is now pending before the Sixth Circuit.

On March 8, 2012, Mackey filed his Petition in this case (Doc. No. 2). On the Court's Order, the Warden has filed a Return of Writ (Doc. No. 11) and Mackey has filed a Reply (Doc. No. 16) which renders the case ripe for decision.

## The Petition is "Second or Successive" Within the Meaning of the AEDPA

Although *res judicata* has never been strictly applicable in habeas corpus cases, second or subsequent applications were dismissable prior to the AEDPA under the abuse of writ doctrine. See *McCleskey v. Zant,* 479 U.S. 46 (1991). That doctrine was supplanted by AEDPA which provides in pertinent part in 28 U.S.C. § 2244(b):

> (b)
>> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>>
>> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

5

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)
> > (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> >
> > (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)
> > (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

The standard form for habeas corpus petitions under 28 U.S.C. § 2254 asks the petitioner "[h]ave you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?" Mackey answered:

> Yes and No. Petitioner filed a petition pursuant to 28 U.S.C. 2254 attacking the judgment of conviction and sentence which was entered on or about 9/28/98. See, S.D. of Ohio Case No. 3:09cv255. That petition was ultimately dismissed on statute of limitations grounds. An appeal of that dismissal is pending in the Sixth Circuit. Mr. Mackey was resentenced *de novo* on 2/4/11 in the Clark County Court of Common Pleas to a different sentence. He has not previously filed a petition attacking the judgment of conviction and sentence which was entered on 2/8/11. According to *Magwood v. Patterson,* 561 U.S. _,130 S.Ct. 2788, 177 L.Ed. 2d 592 (2010), the present petition does not constitute a successive petition under 28 U.S.C. 2244(b).

(Petition, Doc. No. 2, PageID 18.)

A district court lacks jurisdiction to entertain a second or successive habeas petition without authorization from the Circuit Court. *Burton v. Stewart*, 549 U.S. 147 (2007). The district court must decide in the first instance whether a petition is second or successive. *In re: Sheppard*, No. 12-3399, 2012 U.S. App. LEXIS 13709 (6th Cir. May 25, 2012); *In re: Smith*, ___ F.3d ___, 2012 U.S. App LEXIS 17926 (6th Cir. Aug. 24, 2012).

Respondent asserts that the instant Petition is a second petition because the Clark County Common Pleas Court was without jurisdiction to address anything other than post-release control in the 2011 proceedings. (Return of Writ, Doc. No. 11, PageID 325-327, *citing State v. Carr*, 2012-Ohio-1850, 2012 Ohio App. LEXIS 1621 (Ohio App. 2d Dist. Apr. 27, 2012); *State v. Stephens*, 2011 Ohio-1291, 2011 Ohio App. LEXIS 1118 (Ohio App. 2d Dist. Mar. 18, 2011); and eight decisions from the Fourth, Ninth, and Eleventh District Courts of Appeals. This is the same conclusion reached by Judge Rice in the prior case (Decision and Entry Overruling Petitioner's Motion to Alter or Amend Judgment, Case No. 3:09-cv-255, Doc. No. 33, PageID 529, *citing State v. Fischer*, 128 Ohio St. 3d 92,[1] 941 N.E. 2d 332 (2010)).

Mackey cites no Ohio cases contrary to the ten decisions cited by Respondent. Instead, he alleges that those courts were using the term "jurisdiction" loosely and their opinions on this question "constitute mere dicta since all of the cited cases involve appeals that were timely brought pursuant to Ohio App. R. 4." (Reply, Doc. No. 16, PageID 1216.) He further asserts "Fischer did not hold that trial courts lacked *jurisdiction* to hold the *de novo* hearings which it had previously mandated. It simply held that in the future defendants are only entitled to limited

---

[1] The citation contains a typographical error, citing to page 192 of volume 128.

resentencing hearings to correct postrelease control errors." *Id*. at 1217. Finally, he argues that this Court is bound to accept state court determinations on state law questions.

To take the issues in reverse order, 28 U.S.C. § 1652 provides:

> The laws of the several states, except where the Constitution or treaties of the United States or Acts of Congress otherwise require or provide, shall be regarded as rules of decision in civil actions in the courts of the United States, in cases where they apply.

The "law of the several states" includes their decisional law and not just their statutes. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), overruling *Swift v. Tyson*, 41 U.S. 1 (1841)(Story, J., holding that "the laws of the several states" in the Judiciary Act of 1789 means only the statutory law of the States). In applying state law, the Sixth Circuit follows the law of the State as announced by that State's supreme court. *Savedoff v. Access Group, Inc.*, 524 F.3d 754, 762 (6th Cir. 2008); *Ray Industries, Inc. v. Liberty Mut. Ins. Co.*, 974 F.2d 754, 758 (6th Cir. 1992); *Miles v. Kohli & Kaliher Assocs.,* 917 F.2d 235, 241 (6th Cir. 1990). "Where the state supreme court has not spoken, our task is to discern, from all available sources, how that court would respond if confronted with the issue." *Id.; In re Akron-Cleveland Auto Rental, Inc.,* 921 F.2d 659, 662 (6th Cir. 1990); *Bailey v. V & O Press Co*., 770 F.2d 601 (6th Cir. 1985); *Angelotta v. American Broadcasting Corp.,* 820 F.2d 806 (6th 1987). The available data to be considered if the highest court has not spoken include relevant dicta from the state supreme court, decisional law of appellate courts, restatements of law, law review commentaries, and the "majority rule" among other States. *Bailey*, 770 F.2d at 604. "Where a state's highest court has not spoken on a precise issue, a federal court may not disregard a decision of the state appellate court on point, unless it is convinced by other persuasive data that the highest court of the state would decide otherwise."

8

*Puckett v. Tennessee Eastman Co.*, 889 F.2d 1481, 1485 (6th Cir.1989); *accord Northland Ins. Co. v. Guardsman Products, Inc.*, 141 F.3d 612, 617 (6th Cir.1998). This rule applies regardless of whether the appellate court decision is published or unpublished. *See Talley v. State Farm Fire & Cas. Co.*, 223 F.3d 323, 328 (6th Cir.2000); *Puckett,* 889 F.2d at 1485. *Ziegler v. IBP Hog Market*, 249 F.3d 509, 517 (6th Cir. 2001).

What, then, is the relevant Ohio decisional law? In *Fischer* the Ohio Supreme Court held:

> 1. A sentence that does not include the statutorily mandated term of postrelease control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack.
>
> 2. The new sentencing hearing to which an offender is entitled under *State v. Bezak* is limited to proper imposition of postrelease control. (*State v. Bezak*, 114 Ohio St.3d 94, 2007 Ohio 3250, 868 N.E.2d 961, syllabus, modified.)
>
> 3. Although the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence.
>
> 4. The scope of an appeal from a resentencing hearing in which a mandatory term of postrelease control is imposed is limited to issues arising at the resentencing hearing.

*Fischer*, 128 Ohio St. 3d at 92-93 Syllabus.

In explaining paragraph 2 of the Syllabus, the court wrote:

> We similarly hold that when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, that part of the sentence that is void and must be set aside. [Footnote omitted.] Neither the Constitution nor common sense commands anything more.
>
> This principle is an important part of the analysis of void sentences that we have not focused upon in prior cases involving postrelease

control, including *Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961. Thus, we reaffirm the portion of the syllabus in *Bezak* that states "[w]hen a defendant is convicted of or pleads guilty to one or more offenses and postrelease control is not properly included in a sentence for a particular offense, the sentence for that offense is void," but with the added proviso that only the offending portion of the sentence is subject to review and correction.

However, we now modify the second sentence in the *Bezak* syllabus as ill-considered. That sentence states that the offender is entitled to a new sentencing hearing for the offense for which postrelease control was not imposed properly. 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961. It does not recognize a principle that we overlooked in *Bezak*: when an appellate court concludes that a sentence imposed by a trial court is in part void, only the portion that is void may be vacated or otherwise amended.

Therefore, we hold that the new sentencing hearing to which an offender is entitled under *Bezak* is limited to proper imposition of postrelease control. In so holding, we come more into line with legislative provisions concerning appellate review of criminal sentences. R.C. 2953.08(G)(2)(b) permits an appellate court, upon finding that a sentence is clearly and convincingly contrary to law, to remand for resentencing. But a remand is just one arrow in the quiver. R.C. 2953.08(G)(2) also provides that an appellate court may "increase, reduce or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing." (Emphasis added.) Correcting a defect in a sentence without a remand is an option that has been used in Ohio and elsewhere for years in cases in which the original sentencing court, as here, had no sentencing discretion. *See, e.g., State v. Winters* (July 22, 1982), Cuyahoga App. No. 42799, *3, 1982 Ohio App. LEXIS 12017; *State v. Coughlin*, Ashtabula App. No. 2006-A-0026, 2007 Ohio 897; *State v. Gimbrone*, Montgomery App. No. 23062, 2009 Ohio 6264; People v. Kelly (1965), 66 Ill.App.2d 204, 211, 214 N.E.2d 290; *State v. Sheppard* (1973), 125 N.J.Super. 332, 336, 310 A.2d 731; *Harness v. State* (2003), 352 Ark. 335, 339, 101 S.W.3d 235.

128 Ohio St. 3d at 99-100.

In *State v. Carr,* 2012-Ohio-1850, 2012 Ohio App. LEXIS 1621 (Ohio App. 2nd Dist. Apr. 27, 2012), appellant assigned as error the failure to the trial court to allow him the right of

allocution prior to resentencing. He had moved for resentencing in December, 2010, because the judgment of conviction did not specify the manner of conviction, as required by Ohio R. Crim. P. 32(C). The trial judge had corrected that error and *sua sponte* corrected prior lack of proper notice about post-release control, understanding that, post-*Fischer*, he was limited to those corrections. The court of appeals affirmed, holding:

> The scope of a re-sentencing hearing to provide for post-release control that was omitted from the original sentence is limited to the imposition of post-release control. *State v. Fischer*, 128 Ohio St.3d 92, 2010 Ohio 6238, 942 N.E.2d 332, ¶ 29. Therefore, nothing] Carr might have said could have affected the balance of his sentence, which the trial court had no power to modify.

2012-Ohio-1850 at ¶ 14. Judge Fain does not use the word "jurisdiction," but says the trial judge had "no power" to modify the sentence other than with respect to post-release control.

In an earlier case post-*Fischer*, *State v. Stephens*, 2011-Ohio-1291, 2011 Ohio App. LEXIS 1118 (Ohio App. 2nd Dist. Mar. 18, 2011), the Second District did use the words "lacked jurisdiction" to describe the lack of power of the trial court on re-sentencing for post-release control to amend other parts of the sentence.

The Clark County Common Pleas Court is within the territorial jurisdiction of the Second District Court of Appeals. Ohio Constitution, Article IV, §§ 1 and 3; Ohio Revised Code § 2501.01(B) and therefore subject to its appellate supervision. From *Fischer, Stephens*, and *Carr*, this Court concludes that the Clark County judge in this case acted beyond his authority in amending the sentence from consecutive to concurrent and that portion of the amended sentence is void. Therefore this Court should ignore that amendment in its analysis of whether this is a second or successive petition

This is in no way an "advisory" opinion on state law, as Mackey argues (Reply, Doc. No. 16, PageID 1217). One can imagine advisory opinions related to this conclusion, e.g., that the void portion of the sentence could be stricken on appeal or that the Ohio Department of Corrections is not bound to honor the amended sentence. This Court would be exceeding its own appropriate constitutional boundaries to offer those further conclusions, which are questions of state law this Court need not answer to decide this case. But the question of the validity *vel non* of the amendment to the sentence is one this Court must answer in the course of deciding whether the instant Petition is a second or successive habeas petition. And, of course, it must be answered according to this Court's best understanding of the governing Ohio law, as required by *Erie Railroad*.

If we put the amendment from consecutive to concurrent to one side, the question remains whether the valid part of the resentencing – correct imposition of post-release control – means that this is not a second or successive petition under 28 U.S.C. § 2244(b). Mackey relies on *Magwood v. Patterson,* 561 U.S. ___,130 S.Ct. 2788, 177 L.Ed. 2d 592 (2010), for his claim that it is not. In that case, the Supreme Court held that a habeas petition filed after a conditional writ of habeas corpus has issued and a new sentencing hearing has been held which raises a claim which could have been raised on the original petition is not barred as a second or successive petition because it challenges a new judgment.

In *Magwood*, a death row inmate challenged in habeas corpus both his conviction and sentence. The district court granted a conditional writ requiring the State to give Magwood a new sentencing hearing or release him. After a new sentencing hearing, he was again sentenced to death. He filed a new habeas petition challenging only the new sentence. A new conditional

12

writ was granted, but the Eleventh Circuit reversed on a finding the new petition was second or successive. The Supreme Court reversed and held the new petition was a first petition as to the new sentence. The Court expressly disclaimed reaching the situation presented here:

> The State objects that our reading of § 2244(b) would allow a petitioner who obtains a conditional writ as to his sentence to file a subsequent application challenging not only his resulting, new sentence, but also his original, undisturbed conviction. The State believes this result follows because a sentence and conviction form a single "judgment" for purposes of habeas review. This case gives us no occasion to address that question, because Magwood has not attempted to challenge his underlying conviction.[16] We base our conclusion on the text, and that text is not altered by consequences the State speculates will follow in another case.
>
> FOOTNOTES
>
> [16] Several Courts of Appeals have held that a petitioner who succeeds on a first habeas application and is resentenced may challenge only the "portion of a judgment that arose as a result of a previous successful action." *Lang v. United States*, 474 F.3d 348, 351 (CA6 2007) (citing decisions); *see also Walker*, 133 F.3d at, 455; *United States v. Esposito*, 135 F.3d 111, 113-114 (CA2 1997).

130 S. Ct. at 2802-2803. Mackey's current petition presents precisely the case not decided by the Supreme Court in Magwood: he is challenging his underlying conviction and the portion of the sentence not modified, the twenty-eight year term of incarceration. He has no complaint about the post-release control amendment.

Mackey's reliance on *In re Amira Salem*, 631 F.3d 809 (6th Cir. 2011)(Reply, Doc. No. 16, PageID 1177), is misplaced. The claim she brought in the petition deemed second or successive by the district court had previously been dismissed by that court without prejudice as not ripe for adjudication. It had then become ripe and the Court of Appeals found the petition raising it the second time was not second or successive. Contrary to Mackey's assertion, *Id*., the Court of

13

Appeals does not cite *Magwood* at all.

Mackey also relies on *Mills v. Lempke*, No. 11-cv-0440, 2012 U.S. Dist. LEXIS 62294 (W.D.N.Y May 3, 2012). Although noting that Mills' claims, which attacked the underlying conviction as well a resentencing, "falls squarely within the category of cases which the *Magwood* majority specifically declined to address," the court nonetheless allowed the case to proceed[2] because there had been an "intervening judgment."

Mackey also relies on *Greene v. McDaniel*, 2012 U.S. Dist. LEXIS 11783 (D. Nev. Jan. 31, 2012), where the court allowed a petition as not second or successive where there was a "new judgment" resulting from a Nevada Supreme Court remand requiring "the district court to enter a corrected judgment of conviction to correct the clerical error" which was not imposing a mandatory consecutive sentence. *Id*. at 7.

In *Campbell v. Sec'y for the Dep't of Corr.,* 447 Fed. Appx., 25, 2011 U.S. App. LEXIS 20910 (11th Cir. 2011), the habeas petitioner sought to attack a resentencing judgment entered after his death sentence was vacated. This situation comes clearly within *Magwood*.

Mackey concedes there are several cases in which federal courts have been unwilling to allow second-in-time petitions under *Magwood*, but claims it was only when the intervening judgment was "merely to correct a clerical error." (Reply, Doc. No. 16, PageID 1179.) In *In re Martin*, 398 Fed. Appx. 326, 2010 U.S. App. LEXIS 24155 (10th Cir. 2010), the Tenth Circuit distinguished *Magwood* on the facts.

In *Carter v. Warden*, 2012 U.S. Dist. LEXIS 93055 (S.D. Ohio 2012), my colleague, Magistrate Judge Stephanie Bowman, concluded that a petition was second or successive with respect to its attack on the same underlying conviction and sentence challenged in a previous

---

2 The reported decision includes an order for the state to answer; it is not a final decision of the district court.

petition, even though there was an intervening judgment entry correcting the term of post-release supervision, because "the new entry did not change or otherwise constitute a "new judgment" within the meaning of *Magwood* with respect to petitioner's conviction or sentences imposed in 2002 for the underlying criminal offenses." *Id.* at *27.

When Mackey filed his Motion to Vacate Judgment in the Clerk County Common Pleas Court, he sought vacation of both the conviction and sentence, a *de novo* sentencing hearing, and a new final appealable order (Motion, Ex. 18 to Doc. No. 7, PageID 226). When he filed in October 2010, he was arguably entitled to that relief under *State v. Bezak*, 114 Ohio St. 3d 94 (2007). Two months later in *State v. Fischer*, 128 Ohio St. 3d 92 (2010), the Ohio Supreme Court overruled the relevant portion of *Bezak* and made it clear that, when a case is remanded for correction of the post-release control portion of the judgment, only that portion may be modified; defendants are not entitled to a *de novo* sentencing hearing.

Because Mackey's new Petition attacks the underlying conviction and sentence which were not modified (except for the ultra vires amendment from consecutive to concurrent) and not the new post-release control portion of the judgment, his instant Petition is a second petition within the meaning of 28 U.S.C. § 2244(b) and should be transferred to the Sixth Circuit for a determination of whether he may proceed. *In re Sims,* 111 F.3d 45 (6th Cir. 1997).

Because it lacks jurisdiction to do so in the absence of Circuit Court authorization, this Court should not proceed to decide any of the other issues raised by the parties.

September 6, 2012.

s/ *Michael R. Merz*
United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).